passes the client's right to obtain from trial counsel the work files generated during and pertinent to that client's defense. It further entitles the client to utilize materials contained in these files in any proceeding at which the adequacy of trial counsel's representation may be challenged.[3]

I would grant the petition for certiorari.

No. 86–5354.  GEURIN v. UNITED STATES, ante, p. 888.  Petition for rehearing denied.

No. 85–2043.  HOFFART v. TEXAS, ante, p. 824;

No. 85–2135.  HARDIN v. GILBERT & COLVIN (two cases), ante, p. 828;

No. 85–2160.  TOWN OF NORWOOD v. UNCOMPAHGRE VALLEY WATER USERS ASSN. ET AL., ante, p. 829;

No. 85–6572.  BOUDREAUX v. BLACKBURN, WARDEN, ante, p. 830;

No. 85–6883.  BUCKMORE v. UNITED STATES ET AL., ante, p. 833;

No. 85–6916.  WILLIAMS v. NELLO L. TEER CO. ET AL., ante, p. 833;

No. 85–6957.  FLOWERS v. COUGHLIN, COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS, ET AL., ante, p. 835;

No. 85–6960.  MAXHAM v. DEPARTMENT OF THE NAVY, ante, p. 835;

---

consider along with his client the various defensive strategies that might be available. In other words, he argues that he will be less likely to provide effective assistance of counsel, and yet this is precisely the issue petitioner wishes to investigate. I cannot accept that a lawyer should oppose the disclosure of recorded thoughts that do not evidence ineffective assistance; nor can I accept that petitioner's Sixth Amendment rights do not prevail over his lawyer's asserted privacy interests where that lawyer's recorded thoughts may reflect that ineffective assistance has in fact been rendered.

[3] Though States are not constitutionally required to establish avenues for seeking postconviction relief from an erroneous conviction, "when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution—and, in particular, in accord with the Due Process Clause." Evitts v. Lucey, 469 U. S. 387, 401 (1985).

No. 85–7025.   HOLLINS *v.* HENKEL, *ante,* p. 837;

No. 85–7035.   TRAUNIG *v.* VETERANS ADMINISTRATION, *ante,* p. 837;

No. 85–7064.   COMSIA *v.* BURKHART ET UX., *ante,* p. 839;

No. 85–7098.   IN RE NELSON, *ante,* p. 810;

No. 85–7109.   SIMMONS *v.* DEPARTMENT OF THE NAVY, *ante,* p. 841;

No. 85–7172.   SKINNER *v.* UNITED STATES, *ante,* p. 844;

No. 85–7181.   LEE *v.* HARDAGE ET AL., *ante,* p. 845;

No. 85–7222.   COLLIER *v.* NEWSOME, SUPERINTENDENT, GEORGIA STATE PRISON, ET AL., *ante,* p. 846;

No. 85–7224.   PICCIANDRA *v.* UNITED STATES, *ante,* p. 847;

No. 86–35.   POLYAK *v.* HULEN ET AL. (two cases), *ante,* p. 803;

No. 86–5052.   WILKINS *v.* KANE ET AL., *ante,* p. 858;

No. 86–5056.   JOHL *v.* JOHL ET AL., *ante,* p. 858;

No. 86–5217.   IN RE MEADOWS, *ante,* p. 810;

No. 86–5225.   DAVIS *v.* CHILDREN'S HOSPITAL OF NORTHERN CALIFORNIA ET AL., *ante,* p. 866; and

No. 86–5258.   ISHIHARA *v.* UNITED STATES, *ante,* p. 867.   Petitions for rehearing denied.   JUSTICE SCALIA took no part in the consideration or decision of these petitions.

NOVEMBER 19, 1986

No. A–386.   WAINWRIGHT, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS *v.* BUNDY.   Application of the Attorney General of Florida for an order to vacate the stay of execution of sentence of death entered by the United States Court of Appeals for the Eleventh Circuit, presented to JUSTICE POWELL, and by him referred to the Court, denied.

NOVEMBER 26, 1986

No. 86–5571.   MELENDEZ-CARRION ET AL. *v.* UNITED STATES. C. A. 2d Cir.   Certiorari dismissed under this Court's Rule 53.

No. 86–5607.   BERRIOS-BERRIOS *v.* UNITED STATES.   C. A. 2d Cir.   Certiorari dismissed under this Court's Rule 53.